# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**ANTHONY BROWN**,

    Petitioner,

v.                                                                          Civil Action No. 2:18-CV-114
                                                                                  (Judge Bailey)

**FREDERICK ENTZEL, Warden**,

    Respondent.

## ORDER DISMISSING PETITION

This case is now before the Court for consideration of the Respondent's Motion to Dismiss or, Alternatively, Motion for Summary Judgment [Doc. 11], filed April 18, 2019. On November 1, 2018, petitioner filed his § 2241 petition [Doc. 1]. Therein, he asserts one (1) ground for relief. Subsequent to the instant Motion, this Court issued a ***Roseboro*** Notice [Doc. 12] informing the petitioner of his right and obligation to file a response within twenty-one (21) days of the Order, and cautioned him that failure to so respond may result in entry of a dismissal order. Petitioner failed to respond, and the time to do so has since expired. For the reasons that follow, the § 2241 petition is **DISMISSED**.

## Legal Standards

A.    Motion to Dismiss

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007); *see also* ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008) (applying the

1

***Twombly*** standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995), *vacated on other grounds*, 517 U.S. 1206 (1996). In ***Twombly***, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id*. at 555, upheld the dismissal of a Complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570. Although courts are to liberally construe *pro se* pleadings, *pro se* pleadings are not exempt from "***Twombly's*** requirement that a pleading contain more than labels and conclusions." ***Giarratano***, 521 F.3d at 304 n.5.

B. <u>Motion for Summary Judgment</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue exists "if the evidence is such that a

---

[1] FED. R. CIV. P. 56(c); *see* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986).

2

reasonable jury could return a verdict for the non-moving party."[2]  Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[3]

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts."[4]  That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.[5]  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[6]

A *pro se* party's pleadings are generally construed more liberally and held to a less stringent standard than pleadings drafted by an attorney.  See **Hughes v. Rowe**, 449 U.S. 5, 9 (1980).  However, even under that deferential standard, this Court can "pierce the veil of a complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  **Neitzke v. Williams**, 490 U.S. 319, 327 (1989).

---

[2]  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250 (1986).

[3]  **Anderson**, 477 U.S. at 250.

[4]  **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986).

[5] Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323-25; **Anderson**, 477 U.S. at 248.

[6]  **Anderson**, 477 U.S. at 249 (citations omitted).

## A. Due Process Requirements

In Ground One, petitioner asserts "[t]he BOP has violated the *Accardi* Doctrine and my Due Process rights during my Disciplinary Proceedings." [Doc. 1 at 10]. In support, petitioner avers as follows: "I was not provided my DHO report, (aka written findings of fact) this report must be provided within the 20 day time period, from the date of the hearing. Failure to do so violates the *Accardi* Doctrine and my Due Process rights. This requires the vacate of the guilty finding against me." Id. The incident report, No. 3154969, charged petitioner with a Code 108 violation – "Possession, Manufacture, and Introduction of a Cellphone." The DHO sanctioned petitioner fifteen (15) days disallowance of Good Conduct Time, a forty-one (41) day loss of Good Conduct Time, thirty (30) days in disciplinary segregation, and a six (6) month loss of commissary, telephone, and visiting privileges. As relief, the petitioner seeks to expunge Incident Report No. 3154969 and to restore his good time credits, his privileges, and that his custody classification be properly re-calculated.

The Supreme Court has identified the following due process requirements for inmate disciplinary actions: (1) written notice of the charges must be given to the inmate at least twenty-four hours before his appearance in front of the prison disciplinary board; (2) prison disciplinary officers must make a written statement describing the evidence relied upon and supply reasons for any disciplinary actions; (3) the inmate must be allowed to call witnesses and present evidence at the disciplinary hearing unless allowing this would be unduly hazardous to institutional safety or correctional goals; (4) if illiterate or the hearing involves a complex matter, the inmate must be granted the opportunity to have a non-attorney

4

representative assist him throughout the disciplinary process; and (5) the decision-maker must be impartial. *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974).

First, despite the petitioner's claims, he was clearly provided with notice of the "Possession, Manufacture, and Introduction of a Cellphone" charge at least twenty-four hours before his August 23, 2018, disciplinary hearing by receiving written notice on August 18, 2018. See Exh. 1, Gettinger Decl., Attachment C (Incident Report No. 3159649) and Attachment E (DHO Report for Incident No. 3159649). Second, the statement has a detailed description of the evidence taken directly from the Incident Report. Id. at Attachment C. Third, the petitioner was given the opportunity to call witnesses and present evidence, but the petitioner declined. Id. at Attachment D. Fourth, the petitioner was provided the opportunity to have a representative at the hearing. Id. at Attachment F. Finally, the petitioner does not allege – and no evidence shows – that the decision-maker was not impartial. Thus, it is apparent that the BOP provided the petitioner with adequate procedural due process pursuant to *Wolff*.

## B. Timeliness of DHO Report

Petitioner Brown also argues that the BOP caused him to lose this right to appeal because the written reports from these DHO hearings were not delivered to him within twenty (20) days. Id. This argument fails.

Following a disciplinary hearing, BOP policy requires the DHO to provide the inmate with a written report, *ordinarily* within fifteen (15) working days after the DHO makes his or her decision. Therefore, the policy does not mandate that the inmate receive the report within fifteen (15) days or within any specified time. The BOP administrative grievance

5

process requires an inmate to file an administrative appeal with twenty (20) days after the inmate receives the written report, rather than twenty (20) days after the disciplinary hearing as alleged. Accordingly, that the petitioner did not receive the written report within twenty (20) days after the respective DHO hearings, which did not interfere with his seeking administrative relief or otherwise prejudice him, did not violate the process due to an inmate challenging disciplinary actions under **Wolff v. McDonnell**, 418 U.S. 539. In addition, as the respondent points out, any alleged delay in providing a written report simply does not warrant habeas relief. See **Gaston v. Taylor**, 946 F.2d 340, 343 (4th Cir. 1991).

### C. Sufficiency of Evidence

"[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." **Superintendent, Mass. Corr. Inst., Walpole v. Hill**, 472 U.S. 445, 455 (1985). The standard is satisfied if there is some evidence supporting the conclusion reached by the disciplinary board. *Id*. In **Hill**, a prison disciplinary board determined that three inmates violated prison rules by assaulting another inmate. The prison disciplinary board's conclusion was supported by little evidence: a "guard heard some commotion and, upon investigating, discovered an inmate who evidently had just been assaulted. The guard saw three other inmates fleeing together down an enclosed walkway. No other inmates were in the area." **Hill**, 472 U.S. at 456. Despite little evidence supporting the conclusion, the Supreme Court held that the evidence was sufficient because "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the

findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457

In the instant case, the DHO specified what evidence she relied on in reaching her conclusion. Specifically, the DHO stated that she relied primarily on the written statement of the reporting officer and petitioner's own admission of guilt. See Attachment F. Program statement 5270.09, Inmate Discipline Program, Appendix C, page 39, specifically states that it is the inmate's responsibility to keep his area free of contraband, including contraband on one's person or under one's domain or control. Based on the above, there was sufficient evidence that petitioner Brown committed the prohibited Code 108 offense. His arguments simply lack merit. Accordingly, the same are **DISMISSED**.

## Conclusion

Upon careful review of the above, it is the opinion of this Court that the respondent's Motion to Dismiss or, Alternatively, for Summary Judgment **[Doc. 11]**, should be, and is, hereby **GRANTED**. Accordingly, the § 2241 petition **[Doc. 1]** is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** July 15, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE